Frank E. Ruybalid
Step III Grievance Officer
Colorado Department of Corrections
2862 S. Circle Dr., Suite 400
Colorado Springs, CO  80906-4122

February 8, 1999

James Dawson, DOC # 46709
Limon Correctional Facility
P.O. Box 10000
Limon, CO  80826

RE: Grievance # 98-690 (LCF)

Dear Mr. Dawson,

I regret to inform you that, based upon my review of your
claim and supporting facts, I must reject your Level III Grie-
vance filing, dated December 30, 1998.  In this grievance, you
complain that you were twice placed in life-threatenting situa-
tions in retaliation for filing a lawsuit against the LCF staff.
You claim these took place June 19 and September 29, 1998.  How-
ever, your Step I Grievance Form is dated November 20, 1998 --
almost two months after the last incident took place.

Under the DOC Grievance Procedure, Administrative Regulation
# 850-4, section (IV)(C)(2)(a), you are required to file your
Step I Grievance Form within 30 days after the grievable incident
occurs or you become aware of it.  I recognize that the DOC Grie-
vance Procedure requires the inmate to seek an informal remedy
before filing a Step I Grievance, but a delay of two months is
inexcusable.

There are good reasons for these rules.  It becomes increas-
ingly difficult to properly investigate a grievance as time pas-
ses.  Memories fade, evidence is destroyed or lost, and witnesses
become unavailable, making it difficult for the staff or grie-
vance officer to discover all the facts and for the parties to
the dispute to properly document their claims and defenses.  Al-
though I typically overlook an inmate's failure to comply with
the deadlines by a few days, or in some cases a week or more, I
am unwilling to disregard a delay of one month.

Given these facts, I must reject your grievance for your
failure to comply with the DOC Grievance Procedure, AR # 850-4,
by neglecting to file your Step I Grievance within the applicable
deadline.

Very truly yours,

Frank E. Ruybalid
Step III Grievance Officer



EXHIBIT
11
tabbies



Frank E. Ruybalid
Step III Grievance Officer
Colorado Department of Corrections
2862 S. Circle Dr., Suite 400
Colorado Springs, CO 80906-4122

February 8, 1999

Richard Soares, Superintendent
Limon Correctional Facility
P.O. Box 10000
Limon, CO  80826



RECEIVED
FEB 1 1 1999
LCF

      RE: Grievance # 98-690 (LCF)
         James Dawson, DOC # 46709

Dear Mr. Soares,

    Enclosed, please find a copy of my response to Level III Grievance # 98-690 (LCF), brought by the inmate James Dawson, DOC # 46709.  I have sent the original response to the inmate at Limon Correctional Facility.  The grievance is REJECTED for the reasons set forth in my response.  Although at this point I typically certify that the inmate has exhausted the grievance procedure, my opinion on Mr. Dawson's grievance is that he has failed to comply with the DOC Grievance Procedure, Administrative Regulation # 850-4, for neglecting to file his Step I Grievance Form within the applicable deadline.  Thank you for your attention and for the cooperation of your staff in this matter.  Please call if you have any questions.

                Very truly yours,

                Frank E. Ruybalid
                Step III Grievance Officer

Copies to: Brad Rockwell, Legal Affairs
           Mark Silverstein, ACLU

COLORADO DEPARTMENT OF CORRECTIONS

OFFENDER GRIEVANCE FORM

STEP II

| NAME | DOC No. | FACILITY |
|------|---------|----------|
| James R. Dawson | 46709 | L.C.F. |

Instructions:
1) Fill out identifying data legibly in space provided;
2) Clearly state basis for grievance;
3) Describe the attempts made to resolve the problem;
4) State specifically what remedy you are requesting
5) Attach copy of Step I

### REQUEST

On or about June 21th, 1998 Capt. Ron Carter called Lt. Debbie Onken via telephone and ordered her to move me from a single cell in Unit 1 to a double cell in Unit 2 to a pod that on June 19th, 1998 was on lock-down because of racial problems between blacks and hispanics inmates. I was a permanent party in Unit 1 for 5 years and was moved into a life-threatening situation in retaliation by Capt. Carter for filing a law suit against L.C.F. Staff.

On August 21st, 1998 my legal mail from the above mentioned law suit was opened and given to another inmate.

On September 25th, 1998 I got into an altercation with a hispanic inmate and was placed in Administrative Segregation.

On September 29th, 1998 I was taken out of Administrative Segregation and again placed in a life-threatening situation when I was placed in a cell with inmate Mark Hall who was the victim of an attempted murder case against me in Arapahoe County District Court in April of 1988. Inmate Hall gave testimony that he died twice on the operating table as a result of an attempt by me to kill him.

continue on next page.

DATE: _____    OFFENDER SIGNATURE: _____

### RESPONSE

The issues of your grievance are not within established time frames, therefore, no response is necessary. The one issue of November 13 was an in-house move that needed to be made, no harassment was involved.

The issue of a life-threatening situation has not nor now appears to be an issue as you and Hall lived in the same pod for a number of years. No information on this issue was known to staff and there was nothing in your file to indicate a problem existed, nor did you bring it to anyone's attention. The COPD charges were for fighting and gambling and nothing to do with Hall.   GRIEVANCE DENIED.

DATE: _____    SIGNATURE: _____

### RECEIPT

I acknowledge receipt this date of a complaint from the above inmate in regard to the following subject; _____

DATE: 1/20-11    SIGNATURE: Ron Walker

### DISTRIBUTION

Department file,   Working case management file,   Superintendent,   Inmate

DC Form 25-b (Revised 4/90)

I acknowledge receipt / response of D.O.C. Grievance

"con't...

On October 12th, 1998 I was returned to Unit 2.  And every week since C.O. Hoffman who works the night shift harasses me by shinning his flash light in my face at night waking me up and on lienen turn-in days each and every week, fails  to acknowledge that I turned in my sheets for exchange.
On November 13th, 1998 officer Bowker moved me again as harassment for the same above stated reasons.

Relief sought is that I be returned to Unit 1 with my single cell status restored, each report I received after being placed in this position be expunged, and that the harassment by staff cease as this will become an issue in Civil Action 97-Z-1943.

Date: Nov 20th 1998          Offender Signature: James R. Dawson

COLORADO DEPARTMENT OF CORRECTIONS

OFFENDER GRIEVANCE FORM

STEP I

| NAME | DOC No. | FACILITY |
|------|---------|----------|
| James R. Dawson | 46709 | L.C.F. |

Instructions:    1)  Fill out identifying data legibly in space provided;
2)  Clearly state basis for grievance;
3)  Describe the attempts made to resolve the problem;
4)  State specifically what remedy you are requesting
5)  Attach copy of Step I

**REQUEST**

On or about June 21th, 1998 Capt, Ron Carter called Lt. Debbie Outen via telephone and ordered her to move me from a single cell in Unit 1 to a double cell in Unit 2 to a pod that on June 19th, 1998 was on lock-down because of racial problems between blacks and hispanics inmates. I was a permanant party in Unit 1 for 5 years and was moved into a life-threatening situation in retaliation by Capt. Carter for filing a lawsuit against L.C.F. staff.

On August 21st, 1998 my legal mail from the above mentioned lawsuit was opened and given to another inmate.

On September 25th, 1998 I got into an altercation with a hispanic inmate and was placed in administrative segregation.

On September 29th, 1998 I was taken out of administrative segregation and again placed in a life-threatening situation when I was placed in a cell with inmate Mark Hall who was the victim of an attempted murder case against me in Arapahoe County District Court in April of 1988. Inmate Hall gave testimony that he died twice on the operating table as a result of an attempt by me to kill him.
(continue on next page)

DATE: 11-20-98          OFFENDER SIGNATURE: *James R. Dawson*

**RESPONSE**

The issues of your grievance are not within established time frames, therefore, no response is necessary. The one issue of November 13 was an in-house move that needed to be made, no harassment was involved.

The issue of a life-threatening situation has not nor now appears to be an issue as you and Hall lived in the same pod for a number of years. No information on this issue was known to staff and there was nothing in your file to indicate a problem existed, nor did you bring it to anyone's attention. The COPD charges were for fighting and gambling and nothing to do with Hall.   GRIEVANCE DENIED.

DATE: _____          SIGNATURE: _____

**RECEIPT**

I acknowledge receipt this date of a complaint from the above inmate in regard to the following subject: _____

DATE: _____          SIGNATURE: _____

**DISTRIBUTION**

Department file,   Working case management file,   Superintendent,   Inmate

DC Form 25·b (Revised 4/90)

I acknowledge receipt / response of D.O.C. Grievance

Date 12-14-98    Signature *James R. Dawson*

Frank E. Ruybalid
Step III Grievance Officer
Colorado Department of Corrections
2862 S. Circle Dr., Suite 400
Colorado Springs, CO  80906-4122

February 8, 1999

Richard Soares, Superintendent
Limon Correctional Facility
P.O. Box 10000
Limon, CO  80826

     RE: Grievance # 98-690 (LCF)
        James Dawson, DOC # 46709

Dear Mr. Soares,

Enclosed, please find a copy of my response to Level III Grievance # 98-690 (LCF), brought by the inmate James Dawson, DOC # 46709.  I have sent the original response to the inmate at Limon Correctional Facility.  The grievance is REJECTED for the reasons set forth in my response.  Although at this point I typically certify that the inmate has exhausted the grievance procedure, my opinion on Mr. Dawson's grievance is that he has failed to comply with the DOC Grievance Procedure, Administrative Regulation # 850-4, for neglecting to file his Step I Grievance Form within the applicable deadline.  Thank you for your attention and for the cooperation of your staff in this matter.  Please call if you have any questions.

Very truly yours,

Frank E. Ruybalid
Step III Grievance Officer

Copies to: Brad Rockwell, Legal Affairs
          Mark Silverstein, ACLU

Frank E. Ruybalid
Step III Grievance Officer
Colorado Department of Corrections
2862 S. Circle Dr., Suite 400
Colorado Springs, CO  80906-4122

February 8, 1999

James Dawson, DOC # 46709
Limon Correctional Facility
P.O. Box 10000
Limon, CO  80826

RE: Grievance # 98-690 (LCF)

Dear Mr. Dawson,

I regret to inform you that, based upon my review of your claim and supporting facts, I must reject your Level III Grievance filing, dated December 30, 1998.  In this grievance, you complain that you were twice placed in life-threatenting situations in retaliation for filing a lawsuit against the LCF staff. You claim these took place June 19 and September 29, 1998.  However, your Step I Grievance Form is dated November 20, 1998 -- almost two months after the last incident took place.

Under the DOC Grievance Procedure, Administrative Regulation # 850-4, section (IV)(C)(2)(a), you are required to file your Step I Grievance Form within 30 days after the grievable incident occurs or you become aware of it.  I recognize that the DOC Grievance Procedure requires the inmate to seek an informal remedy before filing a Step I Grievance, but a delay of two months is inexcusable.

There are good reasons for these rules.  It becomes increasingly difficult to properly investigate a grievance as time passes.  Memories fade, evidence is destroyed or lost, and witnesses become unavailable, making it difficult for the staff or grievance officer to discover all the facts and for the parties to the dispute to properly document their claims and defenses.  Although I typically overlook an inmate's failure to comply with the deadlines by a few days, or in some cases a week or more, I am unwilling to disregard a delay of one month.

Given these facts, I must reject your grievance for your failure to comply with the DOC Grievance Procedure, AR # 850-4, by neglecting to file your Step I Grievance within the applicable deadline.

Very truly yours,

Frank E. Ruybalid
Step III Grievance Officer